(76 South. 210)

No. 22549.

STATE ex rel. COCO, Atty. Gen.,
v. SHREVEPORT WATER-
WORKS CO.

(June 11, 1917.)

*(Syllabus by the Court.)*

CORPORATIONS ⟷396—FAILURE TO MAKE REPORTS—ACTION FOR PENALTY—SUFFICIENCY OF PETITION.

Inasmuch as the requirements of section 22 of Act 267 of 1914 are that domestic and foreign corporations engaged in the business of operating public utilities in this state, under state, parish, or municipal franchises, shall make annual reports within a specified period containing specified information under a specified penalty for noncompliance, a petition filed on behalf of the state by the Attorney General, alleging that such a corporation has failed to comply with those requirements (which it sets forth in full), and has thereby incurred the penalty, for which it prays judgment, discloses a cause of action, and the exception of no cause of action having been improperly sustained by the trial court is now overruled.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 683, 684, 1579–1584.]

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit by the State of Louisiana, on the relation of A. V. Coco, Attorney General, against the Shreveport Waterworks Company. Judgment for defendant on exception of no cause of action, and relator appeals. Judgment annulled, exception overruled, and cause remanded.

A. V. Coco, Attorney General, for appellant. Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

MONROE, C. J. The state brought this suit for the recovery of certain penalties prescribed by Act 267 of 1914, and, it having been dismissed upon an exception of "no cause of action," prosecutes this appeal. Defendant's counsel state the ground upon which their exception is based and thereby, define the issue to be determined as follows, to wit:

"The plaintiffs' petition, in paragraph 4, alleges that the defendant has failed to comply with section 22 of Act 267 of 1914 by filing, with the secretary of state, prior to the 1st day of April, 1916, its report, stating certain matters therein itemized. Paragraph 5 * * * alleges 'that the failure to so make the report prescribed by section 22 of Act 267 of 1914 subjects the hereinabove named corporation to a penalty. * * *' It can thus be seen that plaintiff pitches its entire case upon the failure of the defendant to comply with section 22 of the act. Squarely put, defendant contends that section 22 of the act itself does not require the making of the report at all; the only requirement in regard to making the report being set forth in section 21, and section 22 merely provides additional information to be added, by public utility corporations, in the report required by section 21. There is absolutely no allegation in the petition that the only report required by the act itself, i. e., that required by section 21, has not been filed. The plaintiff does not allege that the defendant has failed to make the report required by the law of Louisiana, nor is it alleged that the defendant has failed to make the report required by Act 267 of 1914. The sole basis for the penalty claimed is the allegation that defendant failed to make the report prescribed by section 22 of the act."

Section 21 of the statute in question requires every corporation organized under the laws of this state to file with the secretary of state, within 30 days after the time fixed for each annual meeting of its stockholders, a report, verified by its president or vice president, the secretary or assistant secretary, which shall state: (a) The amount of its authorized capital stock actually issued and

outstanding, and whether fully paid or not, and, if not, what proportion is fully paid; (b) the names and addresses of its officers and directors; (c) the nature and character of its business; (d) the city and street address of its domiciliary office in this state; and further provides that:

"If any report be not made and filed as prescribed in this section, either or both of such officers who shall thereafter neglect or refuse to make and file such a report within fifteen days after written request so to do shall have been made by the secretary of state, shall be under penalty of $50, recoverable," etc.

Section 22 provides that any corporation (other than those reporting to the Railroad Commission)—

"operating public utilities in this state under a franchise granted by the state, or any parish or municipal corporation, shall, in the statement prescribed by the preceding section, state further: (a) Its receipts during the preceding calendar year; (b) its disbursements. The latter shall state separately the amounts spent for: (1) Maintenance and improvement of its plant and property. (2) Extensions and increase of the plant and property. (3) Salaries and wages. (4) Interest on bonds or other debts. (5) Dividends on stock. (6) Taxes of all kinds. (7) Materials and supplies used in the manufacture of any product during the preceding year. (8) All expenses other than those above enumerated. (9) Number of officers and employés of all kinds. Corporations of the class mentioned in this section shall file their report between the 1st of January and the 1st of April of each year. The failure to so make the report prescribed by the preceding section and containing the information and statements prescribed in this section shall subject a corporation to a penalty of $250 and $25 in addition thereto for every day that it fails to file the report after the expiration of the month of March. * * * And in addition to the recovery of the penalty, the delinquent corporation shall be condemned to pay to the prosecuting attorney a fee of 10 per cent. on the amount of the penalty which it may be condemned to pay."

The petition herein filed alleges: That defendant is a corporation organized under the laws of this state, which is not required to report, and does not report, to the Railroad Commission, that it has its domicile and is operating a public utility in the city of Shreveport, in this state.

"That [paragraph 4] the above-named corporation has failed to comply with section 22 of Act 267 of * * * 1914, by filing with the secretary of state, prior to the 1st day of April, in the year 1916, its report, stating: [Then follows a recital of the various requirements specified in both sections 21 and 22].

"That [paragraph 5] the failure to make the report prescribed by section 22 of Act 267 of 1914 subjects the hereinabove named corporation to a penalty of $250 and $25 in addition thereto for every day that it fails to file its report, after the expiration of the month of March, 1916, together with 10 per cent. of the penalty which it may be condemned to pay, as attorney's fees.

"That [paragraph 6] therefore the * * * corporation is * * * indebted to the state * * * in the sum of $250, the $25 a day in addition thereto from April 1, 1916, until its report, as required by section 22 of Act 267 of 1914, is, or has been, filed, this additional amount being, on the 30th day of November, 1916, * * * a total of $6,350, and $25 a day thereafter until such report is filed, and 10 per cent. of such penalty as such corporation may be condemned to pay, as attorney's fees."

And judgment is prayed for accordingly. It will be seen from the foregoing that section 21 is confined in its application to domestic corporations, and includes all corporations of that character; that it requires each of them to file with the secretary of state, within 30 days after each annual meeting of its stockholders, a report, verified by certain designated officers, and giving specified information, and that it imposes a penalty of $50 upon these officers, either or both, if the report is not filed within 15 days after written request therefor from the secretary of state. Section 22, on the other hand, though it deals with both domestic and foreign corporations, applies, in terms, only to those which are engaged in the business of operating public utilities, and its requirements, no doubt, in view of the relation that such business bears to the public, are more searching than those of section 21. It requires that each of such corporations (save those which report to the Railroad Commission) shall, between January 1st and April 1st of each year make a report which shall contain not only the information required by section 21 (of all domestic corporations), but shall contain the further information, as specified in section

22, and it then declares that "the failure to so make the report prescribed by the preceding section, and containing the information and statements prescribed in this section," shall subject (not the officers, who fail to hand in the report within 15 days after written request, to a penalty of $50, but) the corporation to a penalty of $250, and $25 for each day that the report is withheld, with 10 per cent. additional as attorney's fees.

The penalty for failure to file the report, as required, as to both substance and conditions, by section 21, is fixed by section 21, and the penalty for failure to file the report, as required by section 22, which, as to substance, is to combine the requirements of both sections, and as to conditions (of time, etc.,) is to comply with section 22, is fixed by that section. The penalty, in either instance, might have been fixed, as it frequently is, in some subsequent section, and the fact that the penalty for failure to file the report required by section 21, with the additional information required by section 22 (thereby requiring a different class of corporations to file a different report under different conditions and subject to a different penalty) is imposed by section 22 derogates from neither the meaning nor the force of the statute. Inasmuch, therefore, as the requirements of section 22, and the penalty for noncompliance therewith, are plainly stated, and inasmuch as the petition herein filed alleges that defendant has failed to comply with these requirements, setting them forth in full, and has thereby incurred the penalty, for which it prays judgment, we are of opinion that the exception of no cause of action is not well founded, and should have been overruled.

It is therefore ordered that the judgment appealed from be annulled, that the exception filed by defendant be overruled, and that this case be remanded to the district court, to be there proceeded with according to law and to the view herein expressed; the costs of the appeal to be paid by defendant.